UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLINDA MARIE SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14863** |
| **TALL TIMBERS HOMEOWNERS ASSOCIATION** | **SECTION: G (2)** |

## ORDER

Plaintiff Glinda Marie Singleton ("Singleton"), proceeding *pro se*, alleges that Defendant Tall Timbers Owner's Association ("Tall Timbers") discriminated against her based on her race and gender in violation of Title VII of the Civil Rights Act of 1964.[1] Pending before the Court is Tall Timbers' "Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6), or Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e)."[2] Opposition to Tall Timbers' motion was due by October 27, 2016, and the motion was set for hearing on November 9, 2016.[3] No opposition to the pending motion was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[4] Having reviewed the motion, the memorandum in support, and the applicable law, the Court will grant in part the motion to the extent that it seeks to dismiss Singleton's Title VII claim, and deny in part the motion to the extent that the Court will decline to exercise supplemental jurisdiction over Singleton's remaining state law claims, and remand those claims to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

---

[1] Rec. Doc. 1-3 at 2.

[2] Rec. Doc. 6.

[3] Rec. Doc. 10.

[4] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

## I. Background

*A.    Factual Background*

In her complaint, Singleton, a *pro se* litigant, alleges that Tall Timbers discriminated against her on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964 while she was "a resident" between December 17, 2002, and July 7, 2015.[5] Singleton states that Tall Timbers subjected her to racial harassment and destruction of her private property, "which created an intimidating, hostile or offensive living environment and which adversely affected the terms, conditions and privileges of [Singleton's] emotional health."[6] She also argues that Tall Timbers violated Title VII when city, state, and federal authorities failed to take action to remedy the discrimination against her.[7] Singleton seeks compensatory damages and an injunction requiring Tall Timbers to, *inter alia*, intervene in future incidents of discrimination, adopt a policy prohibiting racial discrimination and sexual harassment, create a procedure for receiving and responding to complaints of discrimination, and provide adequate training to its elected officers.[8]

*B.    Procedural Background*

On September 12, 2016, Singleton filed a complaint in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.[9] On September 21, 2016, Tall Timbers filed a Notice of Removal to this Court, asserting that this Court has subject matter jurisdiction pursuant to 28

---

[5] Rec. Doc. 1-3 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 1-3.

U.S.C. § 1331.[10] On October 8, 2016, Tall Timbers filed the instant motion.[11] The motion was initially referred to the Magistrate Judge, but upon finding that the parties did not consent to proceed before the Magistrate Judge, the automatic referral was vacated and the motion was reset before this Court.[12] The motion was set for submission on November 9, 2016, with opposition to the motion due by October 27, 2016.[13] Singleton did not file an opposition.

## II. Parties' Arguments

### A.  *Defendant's Arguments in Support of the Motion to Dismiss*

In its motion, Tall Timbers requests that this Court dismiss Singleton's action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to produce a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[14] Tall Timbers argues that Singleton only alleges "in vague and conclusory terms" that Tall Timbers "subjected her to racial harassment and destruction of property," but does not state how exactly Tall Timbers is liable and for what specific conduct.[15] Tall Timbers also asserts that Singleton asks the Court to enjoin Tall Timbers from failing or refusing to "[r]esolve or intervene to mitigate several incidents," but does not provide any details regarding these alleged incidents or why Tall Timbers is responsible.[16] Tall Timbers argues that Singleton's Title VII claim also fails because Singleton did not allege that Tall Timbers is a governmental agency, political subdivision, labor union, or

---

[10] Rec. Doc. 1 at 2.

[11] Rec. Doc. 6.

[12] Rec. Doc. 10.

[13] *Id.*

[14] Rec. Doc. 6-1.

[15] *Id.* at 2.

[16] *Id.*

3

her employer.[17] Thus, Tall Timbers avers that it cannot be sued for unlawful employment practices under Title VII.[18]

Tall Timbers also informs the Court that on October 3, 2016, Singleton sent a letter to Tall Timbers with a new complaint and exhibits attached, and that Singleton filed the letter in state court but not in this Court.[19] Tall Timbers represents that this is not a proper amendment of the pleadings.[20] However, Tall Timbers avers that even if the Court considered the additional allegations, Singleton still fails to state a claim against Tall Timbers.[21] Tall Timbers asserts that Singleton's new complaint includes allegations of unwelcome comments and verbal assault by co-workers at FEMA who reside in Tall Timbers.[22] Tall Timbers also avers that, "without setting out their factual basis, she *alludes* to potential causes of action" for breach of covenant, breach of fiduciary duty, association director lability, negligence, failure to adequately guard against foreseeable crimes, liability for trespass, defamation, and breach of statutory duty.[23]

Tall Timbers also represents that Singleton's letter included an exhibit of a May 9, 2015, letter to the Department of Homeland Security regarding complaints about her employment at FEMA and Lockheed Martin Corporation, where she briefly mentions that there was "additional discrimination and reprisals from" Tall Timbers.[24] However, Tall Timbers asserts that she does

---

[17] *Id.* at 6.

[18] *Id.*

[19] *Id.* at 3; *see* Rec. Doc. 6-3 (Singleton's amended complaint mailed to Tall Timbers and attached to Tall Timbers' motion as an exhibit).

[20] Rec. Doc. 6-1 at 3.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 3–4.

[24] *Id.* at 4.

not provide any details regarding the alleged discrimination and reprisals or how Tall Timbers is liable.[25] Tall Timbers argues that Singleton also cites to a section "Subpart 3.11" titled "Preventing Personal Conflicts of Interest for Contractor Employees Performing Acquisition Functions," but does not state where it comes from.[26] Tall Timbers points out that Singleton accuses a "decision maker or executive" of "corruption," but without stating the alleged misconduct or who the wrongdoers are.[27]

Tall Timbers argues that Singleton's new complaint also fails to meet the pleading requirement set by the Federal Rule of Civil Procedure 8(a).[28] Tall Timbers contends that Singleton only sets forth conclusory allegations, legal conclusions, violations of federal civil rights law and a homeowner agreement, and an unspecified duty to work with government officials.[29] According to Tall Timbers, Singleton cites no law that would make it liable for actions committed by state, local, or federal employees living in the Tall Timbers' subdivision.[30] Tall Timbers avers that Singleton does not allege that it is an "agency," because it is only a "private neighborhood association."[31] Moreover, Tall Timbers asserts that Singleton never described how Tall Timbers breached any duties owed to her or how it engaged in discrimination on the basis of race and gender.[32]

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 5.

[28] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[29] *Id.*

[30] *Id.* at 7.

[31] *Id.* at 5.

[32] *Id.* at 6.

Finally, Tall Timbers contends that Singleton's causes of action are prescribed.[33] Tall Timbers avers that it has not been in contact with Singleton since January 25, 2015, and that delictual actions in Louisiana are subject to a "liberative prescription of one year, commencing the day an injury or damage is sustained."[34] Thus, Tall Timbers argues that even though Singleton does not state the exact dates of her injuries, since her complaint asserted that she resided in Tall Timbers until July 7, 2015, and her complaint was filed on September 7, 2016, her claims are prescribed under any timeline of these events.[35]

### B. *Plaintiff's Arguments in Opposition*

The motion was set for submission on November 9, 2016, with opposition to the motion due by October 27, 2016.[36] As noted above, no opposition has been filed.

### III. Law and Analysis

### A. *Legal Standard for Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[37] To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[33] *Id.* at 7.

[34] *Id.* (citing La. Civ. Code Art. 3492).

[35] *Id.*

[36] Rec. Doc. 10.

[37] Fed. R. Civ. P. 12(b)(6).

[38]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

6

alleged."[39] A complaint need not contain "detailed factual allegations," but rather "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[40] In resolving a motion to dismiss, this Court "draw[s] all reasonable inferences in the Plaintiff[s'] favor."[41] Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and [are] . . . rarely granted."[42]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[43] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[44] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[45] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[46] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[47] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[48] From the face of the complaint, there must be enough factual

---

[39] *Id.* (citing *Twombly*, 550 U.S. at 556).

[40] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted).

[41] *Id.*

[42] *Id.*

[43] *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[44] *Iqbal*, 556 U.S. at 677–78.

[45] *Id.* at 679.

[46] *Id.* at 678.

[47] *Id.*

[48] *Id.*

matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[49] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[50]

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings.[51] "If the district court considers information outside of the pleadings, the court must treat the motion [to dismiss] as a motion for summary judgment. Although the court may not go outside the complaint, the court may consider documents attached to the complaint."[52]

A document filed *pro se* is "to be liberally construed," and a "*pro se* complaint, 'however inartfully pleaded,' must be held to a 'less stringent standard than formal pleadings drafted by lawyers.'"[53] A *pro se* complaint may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[54]

### B.   *Legal Standard for Supplemental Jurisdiction*

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of

---

[49] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[50] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

[51] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[52] *Id.*

[53] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[54] *Id.* (internal quotations omitted).

the same case or controversy under Article III of the United States Constitution."[55] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims; however, it may choose whether or not to exercise that jurisdiction.[56] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[57] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, though "this rule is neither mandatory nor absolute."[58] Section 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)  if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[59]

The Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial

---

[55] 28 U.S.C. § 1367(a).

[56] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[57] *Id.* at 639 (2009) (citing § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")).

[58] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

[59] 28 U.S.C. § 1367.

economy, convenience, fairness, and comity."[60] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis "is dispositive," and courts are to look to all of the factors under "the specific circumstances of a given case."[61]

C.  *Analysis*

Tall Timbers argues that the Court should dismiss Singleton's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[62] First, Tall Timbers argues that the Court should dismiss Singleton's race and gender discrimination claim under Title VII of the Civil Rights Act of 1964, the only federal claim that Singleton has asserted.[63] Tall Timbers asserts that Singleton is unable to state a claim under Title VII against Tall Timbers.[64] Tall Timbers avers that Singleton did not allege it to be a "governmental agency, political subdivision, [] labor union . . . or [her] employer."[65] According to Tall Timbers, it does not fall within any of the categories of potential violators of Title VII and, thus, it cannot be sued by Singleton for unlawful employment practices under Title VII.[66]

As the Supreme Court has made clear, Title VII of the Civil Rights Act of 1964 "provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers."[67] For example, 42 U.S.C. §2000e-2(a) provides:

> **(a) Employer practices** It shall be an unlawful employment practice for an employer—

---

[60] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[61] *Parker*, 972 F.2d at 587.

[62] Rec. Doc. 6-1.

[63] *Id.* at 6.

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522, 186 L. Ed. 2d 503 (2013).

>  **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
>  **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.[68]

Title VII further prohibits discriminatory employment practices by employment agencies and labor organizations.[69] Likewise, Title VII protects government employees from discrimination[70] and prohibits an employer from retaliating against an employee for engaging in an activity protected by Title VII.[71]

Here, Singleton's complaint appears to assert that she was a resident of Tall Timbers when Tall Timbers allegedly subjected her to racial harassment and destruction of property, which created an "intimidating, hostile or offensive living environment" for Singleton.[72] Singleton's requested relief includes an injunction against Tall Timbers "for failing or refusing to . . . [r]esolve or intervene to mitigate several incidents [of discrimination] . . . adopt a clear, meaningful, and well-publicized written policy prohibiting racial harassment . . . modify its existing hate crime policy . . . provide adequate training to all elected officers of Tall Timbers . . . [and] take other appropriate nondiscriminatory measures to overcome the effects of the discrimination."[73]

---

[68] 42 U.S.C. § 2000e-2(a).

[69] *See* 42 U.S.C. § 2000e-2(b) (prohibiting discriminatory employment practices by employment agencies); 42 U.S.C. §2000e-2(c) (making unlawful discriminatory employment practices by labor organizations); 42 U.S.C. §2000e-2(d) (prohibiting discriminatory training programs by employers or labor organizations).

[70] *See* 42 U.S.C. § 2000e-16a through 42 U.S.C. § 2000e-16c.

[71] *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 839 (5th Cir. 2010). *See also Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("Section 704(a) of Title VII of the Civil Rights Act of 1964 makes it unlawful 'for an employer to discriminate against any of his employees or applicants for employment' who have either availed themselves of Title VII's protections or assisted others in so doing." (citing 42 U.S.C. § 2000e–3(a))).

[72] Rec. Doc. 1-3 at 2.

[73] *Id.* at 3–4.

However, nowhere in Singleton's complaint does she allege any facts that would suggest that she was an "employee"[74] of Tall Timbers, or that Tall Timbers qualifies as an "employer" under Title VII by being an entity "engaged in an industry affecting commerce who has fifteen or more employee for each working day . . . ."[75] Singleton also does not allege any facts that would suggest that Tall Timbers was an "employment agency,"[76] "labor organization," [77] or any other entity to which Title VII would apply. Likewise, Singleton has not identified any "employment practices" that Tall Timbers was responsible for that resulted in discrimination against Singleton.[78] In fact, in Singleton's Exhibit "A" attached to her complaint, which may be considered on a motion to dismiss,[79] Singleton alleges she was employed by FEMA from October 9, 2011, until June 6, 2013, and simply states that Tall Timbers was "doing business in a resident area."[80] She also argues that Tall Timbers' alleged discriminatory acts created an "intimidating, hostile or offensive *living environment*" for Singleton, as opposed to an allegation under Title VII that Tall Timbers created

---

[74] 42 U.S.C. § 2000e(f) (defining employee as "an individual employed by an employer.").

[75] 42 U.S.C. § 2000e(b) (defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."); *see Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 656 F.3d 348, 351 (6th Cir. 2011) (discussing the standard to qualify as an employer under Title VII). *See also* 42 U.S.C. § 2000e(a) (defining "person" as one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers.").

[76] 42 U.S.C. § 2000e(c) (defining employment agency as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person.").

[77] 42 U.S.C. § 2000e(d) (defining labor organization as "a labor organization engaged in an industry affecting commerce, and any agent of such an organization . . . .").

[78] *See* 42 U.S.C. § 2000e-2(b) (prohibiting discriminatory employment practices by employment agencies); 42 U.S.C. §2000e-2(c) (making unlawful discriminatory employment practices by labor organizations); 42 U.S.C. §2000e-2(d) (prohibiting discriminatory training programs by employers or labor organizations).

[79] *See Hicks v. Parker*, 349 F. App'x 869, 870 (5th Cir. 2009) (stating that, on a motion to dismiss, a court may consider attachments to the complaint); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (same).

[80] Rec. Doc. 1-3 at 6.

a hostile *work* environment.[81] Thus, even when the Court accepts all well-pleaded facts as true and liberally construes Singleton's *pro se* complaint for this motion to dismiss,[82] the Court finds that Singleton has not alleged sufficient facts that would support a Title VII claim against Tall Timbers. Accordingly, the Court finds that Singleton has failed to state a claim under Title VII against Tall Timbers pursuant to Federal Rule of Civil Procedure 12(b)(6).

Furthermore, construing the complaint liberally, it appears that Singleton may also be asserting additional state law claims against Tall Timbers. In support of her Title VII claim, Singleton avers that Tall Timbers subjected her to "destruction of private property" and created an "intimidating, hostile or offensive living environment and which adversely affected the terms, conditions and privileges of Ms. Singleton's emotional health."[83]

As the Court has dismissed Singleton's only federal law claim, it will now address whether it is appropriate to exercise supplemental jurisdiction over Singleton's liberally construed state law claims. "As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial."[84] A court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.[85] The Fifth Circuit has emphasized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

---

[81] Rec. Doc. 1-3 at 2 (emphasis added).

[82] *See Hicks*, 349 F. App'x at 870.

[83] Rec. Doc. 6-1 at 2.

[84] *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). *See also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

[85] Carlsbad Tech, Inc. v. HIF Bio, Inc., 556 U.S. 225, 245 (2009).

under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[86]

Here, the balance of factors weighs towards declining to exercise supplemental jurisdiction. Judicial economy concerns are best served by declining to exercise jurisdiction, as this litigation was only removed to this Court on September 21, 2016, and is still at a relatively early stage.[87] The convenience factor also weighs in favor of declining to exercise jurisdiction, because the parties will not have to perform any redundant or particularly burdensome work in order to litigate in state court.[88] Federalism and comity concerns also point toward remanding this case back to state court, where all remaining claims against Tall Timbers must be decided under state law. The federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' law.[89] Finally, the fairness factor concerns the prejudice to the parties that would arise from remanding the action back to state court.[90] Here, where neither party would have to repeat the "effort and expense of the discovery process," this factor also weighs in favor of declining to exercise jurisdiction.[91] Accordingly, the Court will decline to exercise its supplemental jurisdiction here.

Finally, Tall Timbers represents that it had received a letter from Singleton on October 3, 2016, that was also filed in state court after removal, which asserted additional allegations and

---

[86] *Parker & Parsley*, 972 F.2d at 586 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotations and citations omitted).

[87] *See id.* at 587 (noting that judicial economy would have been better served by dismissal from federal court where discovery had not been completed and the litigation was at a relatively early stage).

[88] *See id.* (finding no undue inconvenience to the parties where little new legal research would be necessary as a result of dismissal and where remaining claims would be governed by state law in either federal or state forum).

[89] Id. (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122 n.32 (1984)).

[90] *Id.* at 588.

[91] *Id.* (citing *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).

claims against Tall Timbers in an amended complaint.[92] However, the Court notes that no amended complaint was filed in this Court, and Singleton has neither opposed the motion to dismiss nor sought leave to file any amendments. Accordingly, the Court will not consider the additional allegations contained in Singleton's letter outside the pleadings on this motion to dismiss.[93]

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff Glinda Singleton has failed to state a claim under Title VII against Tall Timbers. Additionally, the Court declines to exercise supplemental jurisdiction over the state law claims that, construing the complaint liberally, Singleton appears to also allege. Accordingly,

**IT IS HEREBY ORDERED** that Defendant "Tall Timber's "Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6), or Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e)"[94] is **GRANTED IN PART** to the extent that the Court dismisses Singleton's Title VII claim under Federal Rule of Civil Procedure 12(b)(6) and **DENIED IN PART** to the extent that the Court declines to exercise supplemental jurisdiction over Singleton's remaining state law claims.

---

[92] Rec. Doc. 6-1 at 3.

[93] While Singleton is proceeding *pro se*, the Court notes that Singleton previously sent a different letter to this Court requesting a status conference and a jury trial, and the Court informed Singleton that the Court would not act on the improperly filed letter and that all filings must be sent to the Clerk of Court to be considered. *See* Rec. Docs. 11, 12. Moreover, in Tall Timbers' motion to dismiss, Tall Timbers clearly stated that Singleton had not filed her amended complaint with this Court and that it was not in the CM/ECF system, and argued that it did not serve as an amendment to her pleadings. Rec. Doc. 6-1 at 3 & n.3. However, despite having clear notice that the amended complaint was not properly before the Court, Singleton did not oppose the motion to dismiss, timely or otherwise, or seek to file an amended complaint for the Court to consider now. The Court further notes that, even if it were to consider the additional factual allegations contained in Singleton's letter, it would not cure the fatal deficiencies in her Title VII claim, as it does not assert any facts that would suggest she has stated a cognizable claim under Title VII against Tall Timbers or would alter the Court's analysis here.

[94] Rec. Doc. 6.

**IT IS FURTHER ORDERED** that the case is remanded to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 22nd day of November, 2016.

                                               **NANNETTE JOLIVETTE BROWN**
                                               **UNITED STATES DISTRICT JUDGE**